


Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation, d/b/a MONSTER BEVERAGE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BEVERAGE CORP., a Delaware corporation, SHASTA BEVERAGES INC., a Delaware corporation, NEWBEVCO INC., a Delaware corporation, and FREEK'N BEVERAGE CORP., a Delaware corporation,<br><br>Defendants. | Case No. CV 06-5470 ER<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

This matter came before the Court on the Plaintiff's Application for a Preliminary Injunction. Oral argument was heard on October 4, 2006. Having considered both parties' motions, exhibits, and oral arguments, the Court stands by its tentative rulings for the reasons stated in open court, as reflected in the Court Reporter's notes.

The Court notes that it has reached its decision based on the record timely submitted to the Court, and not on any last-minute offer of proof made on the morning of the hearing. Specifically, regarding Defendants' offer of proof that the



Plaintiff took inconsistent positions in prosecuting its Monster trademark application, it would be inappropriate to consider such untimely submitted evidence, as the other side had no opportunity to respond, and the Court had no opportunity to evaluate the evidence before the hearing. The Court also notes that this evidence was available to Defendants at the time they submitted their original response to the Order to Show Cause. Defendants are, of course, free to raise these issues at the trial on the merits to determine whether a permanent injunction should issue.

Regarding the preclusive effect of the Nevada District Court's decision granting summary judgment to the defendant in Hansen Beverage Co. v. Rockstar, Inc., Case No. 2:06-cv-733-LDG, the Court declines to apply the doctrine of issue preclusion in this case. The doctrine of issue preclusion prevents issues of fact or law that were "actually litigated and necessarily decided" in a prior proceeding from being relitigated in the current proceeding. Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988). The party against whom issue preclusion is being asserted must have had a "full and fair opportunity" to litigate the issue in a prior proceeding. Id. Summary judgment is a "final" decision on the merits for purposes of issue preclusion. Security People, Inc. v. Medeco Sec. Locks, Inc., 59 F. Supp. 2d 1040, 1045 (N.D. Cal. 1999). However, even when the elements of collateral estoppel, i.e., issue preclusion, are present, "the decision whether to apply the doctrine is within the discretion of the trial court." United States v. Kaytso, 868 F.2d 1020, 1022 (9th Cir. 1988). In this case, the Court declines to apply the doctrine of issue preclusion because the accused products in the Nevada case and the context in which they were evaluated were largely different than in this case, and the evidence of infringement is much stronger in this case.

The Court also notes that even were it to follow the Nevada court's finding that Monster's trade dress is "weak" and "entitled to limited protection," this does

not mean that the trade dress is entitled to no protection at all. A weak mark is entitled to limited protection; infringement will be found only if "the marks are quite similar, and the goods closely related." AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 350 (9th Cir. 1979). Further, strength of the mark is only one factor in the eight-factor likelihood of confusion analysis articulated by the Ninth Circuit. See id. at 348 (listing "strength of the mark" as the first factor in the court's eight-factor test). Because the Court finds that the trade dresses in this case are "quite similar" and the products "closely related," and because the other factors of the Sleekcraft test also weigh in Plaintiff's favor, the Nevada court's finding that Monster's trade dress is "weak" is of limited importance.

Accordingly, the Court GRANTS the Plaintiff's Request for a Preliminary Injunction. Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order are preliminarily enjoined and restrained from manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or offering to sell the Freek energy drinks in containers the same or similar to their current containers or any containers confusingly similar to Plaintiff's current Monster trade dress. Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order shall immediately withdraw from the market any Freek energy drinks in containers having an appearance the same or similar to their current containers or any containers confusingly similar to Plaintiff's current Monster trade dress.

Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post bond in the amount of $500,000.00.

The Court, having indicated its willingness to expedite the trial in this matter, now informs the parties that they have ten (10) days from the date of this

order to suggest scheduling. If the Court does not hear from the parties within ten days, the Court will establish its own discovery cutoff date, motion cutoff date, pretrial conference date, and trial date.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: OCT - 5 2006

EDWARD RAFEEDIE
Senior United States District Judge